IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ELOISA GOMEZ TELKAMP | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-07-CV-1628-K |
| | § | |
| STEIN MART, INC., ET AL. | § | |
| | § | |
| Defendants. | § | |

## FINDINGS AND RECOMMENDATION OF THE
## UNITED STATES MAGISTRATE JUDGE

This *pro se* civil rights action has been referred to the United States magistrate judge for initial screening pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The findings and recommendation of the magistrate judge are as follow:

I.

This is the latest in a series of lawsuits brought by Eloisa Gomez Telkamp related to the termination of her employment by Stein Mart and her subsequent efforts to obtain legal redress for conduct that Telkamp believes violated her civil rights. On September 27, 2007, Telkamp tendered a complaint to the district clerk and filed an application to proceed *in forma pauperis*. Because the information provided by Telkamp in her pauper's affidavit indicates that she lacks the funds necessary to prosecute this action, the court granted leave to proceed *in forma pauperis* and allowed the complaint to be filed. Written interrogatories then were sent to Telkamp in order to obtain additional information about the factual basis of this suit. Telkamp answered the interrogatories on November 21, 2007. The court now determines that this case should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).

II.

Telkamp was employed by Stein Mart as a full-time sales associate from May 20, 1998 until June 1, 1999. After she was terminated for allegedly failing to call in or report to work, Telkamp sued Stein Mart in federal district court for age discrimination and retaliation in violation of the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621, *et seq.*, and Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et seq.* Telkamp also alleged that her former store manager, Leslie Sullivan, defamed her by giving unfavorable references to prospective employers. That case was dismissed with prejudice on summary judgment. *See Telkamp v. Stein Mart, Inc.*, No. 3-00-CV-0340-D, 2002 WL 324288 (N.D. Tex. Feb. 27, 2002).

Dissatisfied with the outcome of her federal lawsuit, Telkamp sued Stein Mart, Sullivan, and another employee, Leslie Fisher-Martin, in Texas state court alleging libel, slander, and constructive discharge. That case also was dismissed on summary judgment. *Telkamp v. Stein Mart, Inc.*, No. 02-03787-C (68th Dist. Ct., Dallas Co., Tex., Feb. 28, 2003). Telkamp appealed the judgment and sought three writs of mandamus against various court officials. A three-judge panel of the Texas court of appeals, consisting of Justices Carolyn Wright, Michael J. O'Neill, and Molly Francis, dismissed the appeal for want of jurisdiction. *Telkamp v. Stein Mart, Inc.*, No. 05-04-00244-CV, 2004 WL 1258178 (Tex. App.--Dallas, Jun. 9, 2004, no pet.). Two writs of mandamus were denied by a panel of judges consisting of Justices Joseph Morris, Kerry Fitzgerald, and Elizabeth Lang-Miers. *In re Telkamp*, No. 05-03-01614-CV, 2003 WL 22794441 (Tex. App.--Dallas, Nov. 25, 2003); *In re Telkamp*, No. 05-04-00839-CV, 2004 WL 1434791 (Tex. App.--Dallas, Jun. 28, 2004). The third writ of mandamus was denied by another panel of judges. *In re Telkamp*, No. 05-05-01063-CV, 2005 WL 1983580 (Tex. App.--Dallas, Aug. 18, 2005).

While Telkamp's appeal was pending, she filed another lawsuit in Texas state court. In addition to suing Stein Mart and its employees, Telkamp also asserted claims against: (1) Judge Gary Hall, a retired state court judge who signed the judgment dismissing the first state court action; (2) a court reporter and two court clerks; and (3) Rebecca Singer, the attorney for Stein Mart. This time, Telkamp accused the defendants of engaging in a civil conspiracy to forge the judgment in the prior state court litigation. The presiding judge in the second case, Judge Karen Johnson, dismissed the claims against Judge Hall, the court reporter, and the court clerks on the grounds of judicial immunity, and granted summary judgment in favor of the other defendants on the civil conspiracy and forgery claims. *Telkamp v. Stein Mart, Inc.*, No. 05-01926-D (95th Dist. Ct., Dallas Co., Tex., Jul. 14, 2005). The judgment was affirmed by a three-judge panel of the Texas court of appeals consisting of Justices Amos Mazzant, Morris, and O'Neill. *Telkamp v. Stein Mart, Inc.*, No. 05-05-01408-CV, 2006 WL 2373535 (Tex. App.--Dallas, Aug. 17, 2006).

Believing that she was railroaded by a "kangaroo" state court, Telkamp now returns to federal court. In her complaint, Telkamp alleges that various Texas judges, including Judge Johnson and Justices Mazzant, Morris, O'Neill, Fitzgerald, Francis, Wright, and Lang-Miers, violated her right to due process and her right to equal protection under the laws by dismissing the second state court action. Telkamp also asserts unspecified claims against Stein Mart and its attorney, Timothy Duffy, as well as Judge Linda Thomas, Chief Justice of the Fifth District Court of Appeals. By this suit, Telkamp seeks more than $5.2 million in money damages against the defendants.

A.

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action:

> (1) is frivolous or malicious;
>
> (2) fails to state a claim upon which relief can be granted; or
>
> (3) seeks money relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). An action is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989). In order to state a claim upon which relief can be granted, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, ___ U.S. ___, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007). While a complaint does not need detailed factual allegations, the plaintiff must allege more than "labels," "conclusions," and "formulaic recitation[s] of the elements of a cause of action[.]" *See Twombly*, 127 S.Ct. at 1964-65. "Factual allegations must be enough to raise a right to relief above the speculative level[.]" *Id.* at 1965. The court must accept all well-pleaded facts as true and view the allegations in the light most favorable to the plaintiff. *See In re Katrina Canal Beaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007).

B.

The court initially observes that Telkamp cannot maintain a federal civil rights action for money damages against any of the Texas judges or court employees named in her complaint. Judges have absolute immunity for actions taken within the scope of their jurisdiction. *See Stump v. Sparkman*, 435 U.S. 349, 356, 98 S.Ct. 1099, 1104, 55 L.Ed.2d 331 (1978). Court clerks and other judicial employees are immune from actions for damages "arising from acts they are specifically required to do under court order or at a judge's discretion." *Clay v. Allen*, 242 F.3d 679, 682 (5th Cir. 2001). In an attempt to circumvent the doctrine of absolute judicial immunity, Telkamp argues that Judge Johnson acted "in the clear absence of all jurisdiction" because the case was improperly

transferred to Dallas County from another court[1] and the judge did not consider all motions filed in the case. (*See* Mag. J. Interrog. #2-3). Telkamp further alleges that the state appeals court judges acted outside their jurisdiction because the underlying case did not originate in Dallas County and certain documents either are not contained in the appellate record or accessible "on line." (*See* Mag. J. Interrog. #2). Even if these allegations are taken as true, Telkamp cannot overcome the defense of judicial immunity. The Fifth Circuit has made clear that the "absence of jurisdiction" exception refers to situations "in which a judge acts purely in a private and non-judicial capacity." *Henzel v. Gerstein*, 608 F.2d 654, 657-58 (5th Cir. 1979), *citing Sparkman*, 98 S.Ct. at 1105. Such is not the case here. Clearly, Judge Johnson and her staff were acting within the scope of their official duties when they performed the acts made the basis of this suit. The same is true for Chief Justice Thomas and Justices Mazzant, Morris, O'Neill, Fitzgerald, Francis, Wright, and Lang-Miers. Telkamp's claims against these defendants should be summarily dismissed on immunity grounds.

C.

Nor has plaintiff stated a claim against Timothy Duffy, the attorney who represented Stein Mart in the second state court action. Only "state actors" may be sued for federal civil rights violations under 42 U.S.C. § 1983. A private citizen, like Duffy, becomes a "state actor" only when his conduct is "fairly attributable to the State." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937, 102 S.Ct. 2744, 2753, 73 L.Ed.2d 482 (1982); *see also Bass v. Parkwood Hospital*, 180 F.3d 234, 241 (5th Cir. 1999). Telkamp alleges that Duffy sent her notice of a hearing in the wrong case, filed motions on behalf of parties he did not represent, and improperly scheduled hearings on motions. (*See* Plf. Compl. at 7, ¶ 30; Mag. J. Interrog. #3). None of these allegations, even if proved,

---

[1] Telkamp originally filed the second state court lawsuit in Collin County, Texas. The case was subsequently transferred to Dallas County at the request of defendants. *Telkamp v. Stein Mart, Inc.*, No. 416-2718-04 (416th Dist. Ct., Collin Co., Tex. Feb. 2, 2005).

transform Duffy into a "state actor" for purposes of section 1983 liability. *See Bennett v. State of Texas*, No. 3-02-CV-1227-M, 2002 WL 1558349 at *2 n.2 (N.D. Tex. Jul. 15, 2002) (Kaplan, J.) (noting that private attorney who represents litigant in state court action is not a "state actor" within the meaning of 42 U.S.C. § 1983).

D.

To the extent Telkamp attempts to challenge the dismissal of her state court lawsuit against Stein Mart, her claims are barred by the *Rooker-Feldman* doctrine. A federal district court lacks subject matter jurisdiction to review a final state court decision arising out of a judicial proceeding unless a federal statute specifically authorizes such review. *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486, 103 S.Ct. 1303, 1319, 75 L.Ed.2d 206 (1983) (federal courts lack jurisdiction "over challenges to state court decisions . . . arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional"); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 414-16, 44 S.Ct. 149, 150, 68 L.Ed. 362 (1923). *See also Weekly v. Morrow*, 204 F.3d 613, 615 (5th Cir. 2000) (federal courts lack jurisdiction to review, modify, or nullify final orders of state courts). This jurisdictional bar is not limited to those actions which explicitly seek review of a state court decision. As the Fifth Circuit noted:

> A federal complainant cannot circumvent this jurisdictional limitation by asserting claims not raised in the state court proceedings or claims framed as original claims for relief. If the district court is confronted with issues that are "inextricably intertwined" with a state judgment, the court is "in essence" being called upon to review the state-court decision.

*United States v. Shepherd*, 23 F.3d 923, 924 (5th Cir. 1994), *citing Liedtke v. State Bar of Texas*, 18 F.3d 315, 317 (5th Cir.), *cert. denied*, 115 S.Ct. 271 (1994). A claim is "inextricably intertwined" with a state court judgment if, in order to find in the plaintiff's favor, the federal court would have

to conclude that the state court wrongly decided the issues before it or would otherwise have to void the judgment. *Centifanti v. Nix*, 865 F.2d 1422, 1430 (3d Cir. 1989), *quoting Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 25, 107 S.Ct. 1519, 1533, 95 L.Ed.2d 1 (1987) (Marshall, J., concurring). *See also Tropf v. Fidelity National Title Insurance Co.*, 289 F.3d 929, 937 (6th Cir. 2002), *cert. denied*, 123 S.Ct. 887 (2003) (applying *Rooker-Felman* to bar federal RICO action); *Ulysses I & Co., Inc. v. Feldstein*, 2002 WL 1813851 at *10 (S.D.N.Y. Aug. 8, 2002) (same); *Lal v. Borough of Kennett Square*, 935 F.Supp. 570, 576-77 (E.D. Pa. 1996), *aff'd*, 124 F.3d 187 (3d Cir. 1997) (Table).

In her complaint, Telkamp appears to allege that she was deprived of a $5.2 million judgment against Stein Mart in the state court litigation. (*See* Plf. Compl. at 10, ¶ 39). This is clearly a collateral attack on the validity of the state court judgment. Because Telkamp's federal civil rights claims against Stein Mart are "inextricably intertwined" with the disposition of the state court action, federal jurisdiction is not proper.

## RECOMMENDATION

Telkamp's complaint should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: December 5, 2007.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE